UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELIZABETH EBERLIN )<br> )<br>  Plaintiff, )<br> )<br>  v. )<br> )<br>ILLINOIS STREET DEVELOPMENT, )<br>LLC D/B/A MOLLY'S CUPCAKES, )<br> )<br>  Defendant. ) | Case: 1:23-cv-15216<br><br>Jury Trial Demanded |

## COMPLAINT

Plaintiff, Elizabeth Eberlin ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Illinois Street Development, LLC d/b/a Molly's Cupcakes ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*, ("Title VII") and Illinois Human Rights Act (775 ILCS5/) ("IHRA") seeking redress for Defendant subjecting Plaintiff to sexual harassment, Defendant's discrimination on the basis of Plaintiff's sex, and Defendant's retaliation against Plaintiff for engaging in protected activity under the Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern

Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4. Counts II, IV, and VI have pendent jurisdiction and supplementary jurisdiction through 28 U.S.C. Section 1367.

## ADMINISTRATIVE PREREQUISITES

5. All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

6. A charge of employment discrimination on basis of sex, sexual harassment, and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR"). (Attached hereto as Exhibit "A").

7. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

8. At all times material to the allegations of this Complaint, Plaintiff, Emma Tinerella, resides in Cook County in the State of Illinois.

9. At all times material to the allegations in this Complaint, Defendant Illinois Street Development, LLC d/b/a Molly's Cupcakes, is a corporation doing business in and for Cook County whose address is 419 E Illinois Street, Chicago, IL 60611.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

12. Plaintiff was employed by Defendant as a Supervisor from on or about February 14, 2022 until on or about February 11, 2023.

13. Plaintiff performed a specific job which was an integral part of the business of Defendants.

14. Defendant subjected Plaintiff to different terms and conditions of employment than others not within her protected class.

15. Plaintiff has also been subjected to a hostile work environment on the basis of sex, violating Title VII.

16. Plaintiff is female and is a member of a protected class because of her sex whom Defendant subjected to different terms and conditions of employment than others not within her protected class.

17. During her employment for Defendant, Plaintiff met or exceed Defendant's performance expectations in all areas.

18. In or around March of 2022, Defendant's employee, Josh (LNU) (male), began sexually harassing Plaintiff.

19. Josh would hover over Plaintiff while she attempted to work.

20. Josh would also touch Plaintiff inappropriately, and hug her without her consent.

21. Despite repeatedly requesting that he stop, Josh continued to harass Plaintiff.

22. In fact, the harassment grew worse, and Josh began forcing Plaintiff to look at

naked pictures of himself while they were working together.

23. Plaintiff also had to witness Josh sexually harassing several other co-workers, many of them underage females.

24. Multiple employees, including Plaintiff, came forward and reported Josh's behavior to Defendant.

25. Plaintiff's boss, Bindu Illuri, admitted that she was aware of Josh's inappropriate behavior, but never took any action to stop this behavior or reprimand Josh.

26. Plaintiff and the other employees who reported Josh were forced to continue working alongside him.

27. Under these conditions, the sexual harassment by Josh was allowed to continue.

28. Later, it was discovered that Josh had sex with a coworker in the refrigerator at work.

29. The female employee was fired, but no action was taken against Josh.

30. Subsequently, in or around August of 2022, Josh terminated his employment with Defendant.

31. However, this did not end the sexual harassment or discrimination.

32. Beginning in or around August of 2022 and continuing through at least October of 2022, Supervisor Octavia (LNU) began to sexually harass Plaintiff.

33. Octavia, on numerous occasions touched Plaintiff's buttocks.

34. Octavia even grasped Plaintiff's buttocks.

35. Plaintiff asked Octavia to stop, explaining how uncomfortable it made her, but the harassment continued.

4

36. Plaintiff, knowing that her earlier complaints regarding sexual harassment by Josh went ignored, was left with no option but to report the sexual harassment by Octavia via Google Survey at work.

37. Again, Plaintiff's reports and complaints were ignored.

38. On or around February 10, 2023, Supervisor Octavia, who had continuously been sexually harassing Plaintiff and other employees, also began to harass Plaintiff on the basis of her sexual orientation.

39. Plaintiff and other employees once again reported the harassment directly to the boss, Ms. Illuri.

40. Ms. Illuri continued to ignore her employees' repeated complaints.

41. The very next day, on February 11, 2023, Plaintiff was terminated via text message.

42. Plaintiff was given the pre-textual reason that she was fired due to a "propensity for gossip" and "creating a toxic work environment".

43. In reality, Plaintiff was fired for filing complaints of sexual harassment and discrimination, and opposing unlawful discrimination.

44. There is a basis for employer liability for the sexual harassment that Plaintiff was subjected to, as the individuals that repeatedly sexually harassed Plaintiff were employees of Defendant and had supervisory authority over Plaintiff.

45. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- by lodging direct complaints to Defendant.

5

## COUNT I
### Violation of Title VII of the Civil Rights Act
### (Sexual Harassment)

46. Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

47. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

48. Defendant knew or should have known of the harassment.

49. The sexual harassment was severe or pervasive.

50. The sexual harassment was offensive subjectively and objectively.

51. The sexual harassment was unwelcomed.

52. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's sex, female.

53. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

54. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of Illinois Human Rights Act (775 ILCS5/)
### (Sexual Harassment)

55. Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

56. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of Illinois Human Rights Act (775 ILCS5/).

57.     Defendant knew or should have known of the harassment.

58.     The sexual harassment was severe or pervasive.

59.     The sexual harassment was offensive subjectively and objectively.

60.     The sexual harassment was unwelcomed.

61.     Plaintiff is a member of a protected class under Illinois Human Rights Act (775 ILCS5/), due to her sex, female.

62.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

63.     As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
### Violation of the Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

64.     Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

65.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

66.     Plaintiff met or exceeded performance expectations throughout the duration of her employment with Defendant.

67.     Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

68.     Plaintiff's was terminated on the basis of Plaintiff's sex.

69.     Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's

sex.

70. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

71. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT IV**
**Violation of the Illinois Human Rights Act, 775 ILCS5/**
**(Sex-Based Discrimination)**

72. Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

73. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex, in violation of the Illinois Human Rights Act, 775 ILCS5/.

74. Plaintiff met or exceeded performance expectations throughout the duration of her employment with Defendant.

75. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

76. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

77. Plaintiff is a member of a protected class under the IHRA, due to Plaintiff's sex, female.

78. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

79. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of

enjoyment of life.

## COUNT V
### Violation of Title VII of the Civil Rights Act
### (Retaliation)

80. Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

81. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

82. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about sexual harassment and sex-based discrimination that she was continuously subjected to.

83. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

84. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sexual harassment and sex-based discrimination.

85. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff..

86. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity, specifically termination of her employment with Defendant.

87. By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the sexual harassment and sex-based discrimination, thereby violating the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

88. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

89. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT VI**
**Violation of the Illinois Human Rights Act, 775 ILCS5/**
**(Retaliation)**

90. Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

91. Plaintiff is a member of a protected class under the Illinois Human Rights Act, 775 ILCS5/.

92. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about sexual harassment and sex-based discrimination that she was continuously subjected to.

93. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Illinois Human Rights Act, 775 ILCS5/.

94. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sexual harassment and sex-based discrimination.

95. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

96. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity, specifically termination of her employment with Defendant.

97. By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the sexual harassment and sex-based discrimination, thereby violating the Illinois Human Rights Act, 775 ILCS5/.

98. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

99. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Pre-judgment and post-judgment interest;

    f. Injunctive relief;

    g. Liquidated damages;

    h. Punitive damages;

    i. Reasonable attorney's fees and costs; and

    j. For any other relief this Court may deem just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 23rd day of October, 2023.

      */s/ Chad W. Eisenback*
      **CHAD W. EISENBACK, ESQ.**
      IL Bar No.: 6340657
      **SULAIMAN LAW GROUP LTD.**
      2500 S. Highland Avenue, Suite 200
      Lombard, Illinois 60148
      Phone (331) 307 - 7632
      Fax (630) 575 - 8188
      ceisenback@sulaimanlaw.com
      *Attorney for Plaintiff*