IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELIZABETH EBERLIN, | |
| Plaintiff, | |
| v. | |
| ILLINOIS STREET DEVELOPMENT, LLC D/B/A MOLLY'S CUPCAKES, | Case No. 23-cv-15216 |
| Defendant. | Honorable Judge LaShonda A. Hunt |
| ILLINOIS STREET DEVELOPMENT, LLC, | **JURY TRIAL DEMANDED** |
| Counter-Plaintiff, | |
| v. | |
| ELIZABETH EBERLIN, | |
| Counter-Defendant. | |

**DEFENDANT/COUNTER-PLAINTIFF ILLINOIS STREET DEVELOPMENT, LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFF/COUNTER-DEFENDANT ELIZABETH EBERLIN'S COMPLAINT**

Defendant/Counter-Plaintiff, Illinois Street Development, LLC, by and through its undersigned counsel, states as follows as its Answer, Affirmative Defenses, and Counterclaim to Plaintiff/Counter-Defendant Elizabeth Eberlin's *Complaint*:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq,* ("Title VII") and Illinois Human Rights Act (775 ILCS5/) ("IHRA") seeking redress for Defendant subjecting Plaintiff to sexual harassment, Defendant's discrimination on the basis of Plaintiff's sex, and Defendant's retaliation against Plaintiff for engaging in protected activity under the Title VII.

**ANSWER**: Defendant admits Plaintiff alleges causes of action under Title VII and the IHRA, but denies any wrongdoing.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

**ANSWER**: Defendant admits that this Court has jurisdiction over Plaintiff's Title VII claim, but denies that Title VII "authorizes" this action and denies any wrongdoing.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

**ANSWER**: Defendant admits that venue is proper in this Court, but denies that "the events" alleged in Plaintiff's Complaint occurred and denies any wrongdoing.

4. Counts II, IV, and VI have pendent jurisdiction and supplementary jurisdiction through 28 U.S.C. Section 1367.

**ANSWER**: Admitted.

## ADMINISTRATIVE PREREQUISITES

5. All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

**ANSWER**: Denied.

6. A charge of employment discrimination on basis of sex, sexual harassment, and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR"). (Attached hereto as Exhibit "A").

**ANSWER**: Admitted.

7. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

**ANSWER**: Admitted.

## PARTIES

8. At all times material to the allegations of this Complaint, Plaintiff, Emma Tinerella, resides in Cook County in the State of Illinois.

**ANSWER**: Denied.

9. At all times material to the allegations in this Complaint, Defendant Illinois Street Development, LLC d/b/a Molly's Cupcakes, is a corporation doing business in and for Cook County whose address is 419 E Illinois Street, Chicago, IL 60611.

**ANSWER**: Defendant admits that Illinois Street Development, LLC is a corporation doing business in and for Cook County whose address is 419 E Illinois Street, Chicago, IL 60611, but denies the remaining portion of this paragraph.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

**ANSWER**: Admitted.

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

**ANSWER**: Admitted.

## BACKGROUND FACTS

12. Plaintiff was employed by Defendant as a Supervisor from on or about February 14, 2022 until on or about February 11, 2023.

**ANSWER**: Defendant admits Plaintiff was employed by Defendant from February 14, 2022 until her termination on February 11, 2023. Defendant denies the remaining allegations of this paragraph.

13. Plaintiff performed a specific job which was an integral part of the business of Defendants [*sic*].

**ANSWER**: Denied.

14. Defendant subjected Plaintiff to different terms and conditions of employment than others not within her protected class.

**ANSWER**: Denied.

15. Plaintiff has also been subjected to a hostile work environment on the basis of sex, violating Title VII.

**ANSWER**: Denied.

16. Plaintiff is female and is a member of a protected class because of her sex whom Defendant subjected to different terms and conditions of employment than others not within her protected class.

**ANSWER**: Defendant admits, on information and belief, that Plaintiff is female. Defendant denies the remaining allegations of this paragraph.

17. During her employment for Defendant, Plaintiff met or exceed Defendant's performance expectations in all areas.

**ANSWER**: Denied.

18. In or around March of 2022, Defendant's employee, Josh (LNU) (male), began sexually harassing Plaintiff.

**ANSWER**: Defendant is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

19. Josh would hover over Plaintiff while she attempted to work.

**ANSWER**: Defendant is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

20. Josh would also touch Plaintiff inappropriately, and hug her without her consent.

**ANSWER**: Defendant is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

21. Despite repeatedly requesting that he stop, Josh continued to harass Plaintiff.

**ANSWER**: Defendant is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

22. In fact, the harassment grew worse, and Josh began forcing Plaintiff to look at naked pictures of himself while they were working together.

**ANSWER**: Defendant is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

23. Plaintiff also had to witness Josh sexually harassing several other co-workers, many of them underage females.

**ANSWER**: Defendant is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

24. Multiple employees, including Plaintiff, came forward and reported Josh's behavior to Defendant.

**ANSWER**: Denied.

25. Plaintiff's boss, Bindu Illuri, admitted that she was aware of Josh's inappropriate behavior, but never took any action to stop this behavior or reprimand Josh.

**ANSWER**: Denied.

26. Plaintiff and the other employees who reported Josh were forced to continue working alongside him.

**ANSWER**: Denied.

27. Under these conditions, the sexual harassment by Josh was allowed to continue.

**ANSWER**: Denied.

28. Later, it was discovered that Josh had sex with a coworker in the refrigerator at work.

**ANSWER**: Defendant is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

29. The female employee was fired, but no action was taken against Josh.

**ANSWER**: Denied.

30. Subsequently, in or around August of 2022, Josh terminated his employment with Defendant.

**ANSWER**: Denied.

31. However, this did not end the sexual harassment or discrimination.

**ANSWER**: Denied.

32. Beginning in or around August of 2022 and continuing through at least October of 2022, Supervisor Octavia (LNU) began to sexually harass Plaintiff.

**ANSWER**: Denied.

33. Octavia, on numerous occasions touched Plaintiff's buttocks.

**ANSWER**: Denied.

34. Octavia even grasped Plaintiff's buttocks.

**ANSWER**: Denied.

35. Plaintiff asked Octavia to stop, explaining how uncomfortable it made her, but the harassment continued.

**ANSWER**: Denied.

36. Plaintiff, knowing that her earlier complaints regarding sexual harassment by Josh went ignored, was left with no option but to report the sexual harassment by Octavia via Google Survey at work.

**ANSWER**: Denied.

37. Again, Plaintiff's reports and complaints were ignored.

**ANSWER**: Denied.

38. On or around February 10, 2023, Supervisor Octavia, who had continuously been sexually harassing Plaintiff and other employees, also began to harass Plaintiff on the basis of her sexual orientation.

**ANSWER**: Denied.

39. Plaintiff and other employees once again reported the harassment directly to the boss, Ms. Illuri.

**ANSWER**: Denied.

40. Ms. Illuri continued to ignore her employees' repeated complaints.

**ANSWER**: Denied.

41. The very next day, on February 11, 2023, Plaintiff was terminated via text message.

**ANSWER**: Defendant admits that Plaintiff was terminated on February 11, 2023, via text message, but denies any wrongdoing.

42. Plaintiff was given the pre-textual reason that she was fired due to a "propensity for gossip" and "creating a toxic work environment".

**ANSWER**: Defendant admits that Plaintiff was terminated for, among other reasons, a "propensity for gossip" and "creating a toxic work environment". Defendant denies the remaining allegations of this paragraph.

43. In reality, Plaintiff was fired for filing complaints of sexual harassment and discrimination, and opposing unlawful discrimination.

**ANSWER**: Denied.

44. There is a basis for employer liability for the sexual harassment that Plaintiff was subjected to, as the individuals that repeatedly sexually harassed Plaintiff were employees of Defendant and had supervisory authority over Plaintiff.

**ANSWER**: Denied.

45. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- by lodging direct complaints to Defendant.

**ANSWER**: Denied.

## COUNT I
### Violation of Title VII of the Civil Rights Act (Sexual Harassment)

46. Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

**ANSWER**: Defendant incorporates its answers in all prior paragraphs as if fully stated in the response to this paragraph.

47. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

**ANSWER**: Denied.

48. Defendant knew or should have known of the harassment.

**ANSWER**: Denied.

49. The sexual harassment was severe or pervasive.

**ANSWER**: Denied.

50. The sexual harassment was offensive subjectively and objectively.

**ANSWER**: Denied.

51. The sexual harassment was unwelcomed.

**ANSWER**: Denied.

52. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's sex, female.

**ANSWER**: Defendant admits, on information and belief, that Plaintiff is female. Defendant admits the remaining portions of this paragraph.

53. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

**ANSWER**: Denied.

54. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**ANSWER**: Denied.

## COUNT II
### Violation of Illinois Human Rights Act (775 ILCS5/) (Sexual Harassment)

55. Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

**ANSWER**: Defendant incorporates its answers in all prior paragraphs as if fully stated in the response to this paragraph.

56. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of Illinois Human Rights Act (775 ILCS5/).

**ANSWER**: Denied.

57. Defendant knew or should have known of the harassment.

**ANSWER**: Denied.

58. The sexual harassment was severe or pervasive.

**ANSWER**: Denied.

59. The sexual harassment was offensive subjectively and objectively.

**ANSWER**: Denied.

60. The sexual harassment was unwelcomed.

**ANSWER**: Denied.

61. Plaintiff is a member of a protected class under Illinois Human Rights Act (775 ILCS5/), due to her sex, female.

**ANSWER**: Defendant admits, on information and belief, that Plaintiff is female. Defendant admits the remaining portions of this paragraph.

62. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

**ANSWER**: Denied.

63. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**ANSWER**: Denied.

## COUNT III
**Violation of the Title VII of the Civil Rights Act of 1964 (Sex-Based Discrimination)**

64. Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

**ANSWER**: Defendant incorporates its answers in all prior paragraphs as if fully stated in the response to this paragraph.

65. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

**ANSWER**: Denied.

66. Plaintiff met or exceeded performance expectations throughout the duration of her employment with Defendant.

**ANSWER**: Denied.

67. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

**ANSWER**: Denied.

68. Plaintiff's was terminated on the basis of Plaintiff's sex.

**ANSWER**: Denied.

69. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex.

**ANSWER**: Admitted.

70. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

**ANSWER**: Denied.

71. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**ANSWER**: Denied.

## COUNT IV
**Violation of the Illinois Human Rights Act, 775 ILCS5/ (Sex-Based Discrimination)**

72. Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

**ANSWER**: Defendant incorporates its answers in all prior paragraphs as if fully stated in the response to this paragraph.

73. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex, in violation of the Illinois Human Rights Act, 775 ILCS5/.

**ANSWER**: Denied.

74. Plaintiff met or exceeded performance expectations throughout the duration of her employment with Defendant.

**ANSWER**: Denied.

75. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

**ANSWER**: Denied.

76. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

**ANSWER**: Denied.

77. Plaintiff is a member of a protected class under the IHRA, due to Plaintiff's sex, female.

**ANSWER**: Admitted.

78. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

**ANSWER**: Denied.

79. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**ANSWER**: Denied.

## COUNT V
## Violation of Title VII of the Civil Rights Act (Retaliation)

80. Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

**ANSWER**: Defendant incorporates its answers in all prior paragraphs as if fully stated in the response to this paragraph.

81. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

**ANSWER**: Admitted.

82. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about sexual harassment and sex-based discrimination that she was continuously subjected to.

**ANSWER**: Denied.

83. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

**ANSWER**: Denied.

84. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sexual harassment and sex-based discrimination.

**ANSWER**: Denied.

85. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff[.]

**ANSWER**: Denied.

86. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity, specifically termination of her employment with Defendant.

**ANSWER**: Denied.

87. By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the sexual harassment and sex-based discrimination, thereby violating the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

**ANSWER**: Denied.

88. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

**ANSWER**: Denied.

89. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**ANSWER**: Denied.

<strong><u>COUNT VI</u></strong><br><strong>Violation of the Illinois Human Rights Act, 775 ILCS5/ (Retaliation)</strong>

90. Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

**ANSWER**: Defendant incorporates its answers in all prior paragraphs as if fully stated in the response to this paragraph.

91. Plaintiff is a member of a protected class under the Illinois Human Rights Act, 775 ILCS5/.

**ANSWER**: Admitted.

92. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about sexual harassment and sex-based discrimination that she was continuously subjected to.

**ANSWER**: Denied.

93. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Illinois Human Rights Act, 775 ILCS5/.

**ANSWER**: Denied.

94. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sexual harassment and sex-based discrimination.

**ANSWER**: Denied.

95. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

**ANSWER**: Denied.

96. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity, specifically termination of her employment with Defendant.

**ANSWER**: Denied.

97. By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the sexual harassment and sex-based discrimination, thereby violating the Illinois Human Rights Act, 775 ILCS5/.

**ANSWER**: Denied.

98. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

**ANSWER**: Denied.

99. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**ANSWER**: Denied.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands judgment against Defendants [*sic*] as follows:
a. Back pay and benefits;
b. Interest on back pay and benefits;
c. Front pay and benefits;
d. Compensatory damages for emotional pain and suffering;
e. Pre-judgment and post-judgment interest;
f. Injunctive relief;
g. Liquidated damages;
h. Punitive damages;
i. Reasonable attorney's fees and costs; and
j. For any other relief this Court may deem just and equitable.

**ANSWER**: Defendant denies any wrongdoing, denies that Plaintiff is entitled to any relief, and asks this Court enter judgment in its favor and against Plaintiff, and for such other and further relief as is appropriate.

## **AFFIRMATIVE DEFENSES**

### Affirmative Defense No. 1

Defendant avers that at all times relevant to this lawsuit it acted in good faith with regard to Plaintiff and had reasonable grounds for believing its actions were not in violation of any law.

### Affirmative Defense No. 2

Defendant established reasonable opportunities for Plaintiff to prevent/correct harassing/discriminatory behavior through its reasonably accessible policies and procedures. Plaintiff nevertheless unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to otherwise avoid any alleged harm.

As set forth in Defendant's handbook, Plaintiff was obligated to immediately report any alleged discriminatory/retaliatory behavior for investigation to her supervisor or Defendant's owner. Plaintiff failed to do so.

### Affirmative Defense No. 3

Plaintiff failed to reasonably mitigate her damages, thus negating or reducing her claims for back pay and/or front pay. If Plaintiff had exercised reasonable diligence in mitigating her damages, then there is a reasonable likelihood that Plaintiff would have found comparable work after her employment with Defendant was terminated.

### Affirmative Defense No. 4

Any claims for punitive damages are barred because Plaintiff cannot prove that Defendant acted with malice or reckless indifference to her statutorily protected rights.

### Affirmative Defense No. 5

To the extent Plaintiff complains about events that occurred more than 300 days prior to filing her Charge of Discrimination, such claims are time-barred.

### Affirmative Defense No. 6

To the extent that Plaintiff's claims are subject to the doctrine of after-acquired evidence, any remedy or recovery to which Plaintiff might have been entitled must be denied or reduced accordingly.

<u>Affirmative Defense No. 7</u>

To the extent that Defendant had knowledge of any inappropriate conduct on the part of any of its employees, it thoroughly and timely investigated such conduct and took appropriate corrective action to remedy such conduct.

<u>Affirmative Defense No. 9</u>

The employment action of which Plaintiff complains was taken for legitimate, non-discriminatory, non-retaliatory, non-pretextual motives and would have been taken regardless of Plaintiff's alleged protected activities or protected status.

<u>Affirmative Defense No. 10</u>

To the extent Plaintiff includes claims in her Complaint that were not included in her EEOC Charge, those claims have not been exhausted in her administrative remedies and any such claim under Title VII or the Illinois Human Rights Act is barred as a matter of law.

<u>Affirmative Defense No. 11</u>

Plaintiff converted, for her own personal use or the use of third-parties, Defendant's money from its on-site cash drawer, without permission or authorization. As a result, Plaintiff's claims are barred by the equitable doctrine of unclean hands.

## COUNTERCLAIM I
### Trade Libel as to Counter-Defendant Elizabeth Eberlin

1. All relevant times to the Complaint, Bindu Illuri was the Owner, Operator, and ultimate General Manager of Illinois Street Development, LLC ("ISD"), the operator of Molly's Cupcakes River East, doing business at 419 E Illinois Street, Chicago, IL 60611.

2. As the Owner, Operator, and General Manager, Illuri is effectively the face of ISD to its customers and employees.

3. Thus, assailing Illuri's business methods, accusing her of dishonesty, illegal behavior, or mismanagement, is tantamount to assailing ISD for the same.

4. On numerous occasions, and in front of ISD's employees, Counter-Defendant Elizabeth Eberlin ("Eberlin"), falsely and maliciously accused Illuri, and thus ISD, of harboring

racist, ageist, and ableist attitudes towards employees, and engaging in racist, ageist, and ableist behaviors towards employees.

5. On information and belief, Eberlin also made similar false and malicious accusations about Illuri, and thus ISD, of harboring racist, ageist, and ableist attitudes towards customers, and that she engaged in racist, ageist, and ableist behaviors towards or in the presence of customers.

6. Further, Eberlin falsely and maliciously accused Illuri, and thus ISD, in front of ISD employees, of stealing from employees paychecks.

7. Eberlin's libelous statements therefore assail ISD's business methods, accuse it of fraud, mismanagement, and/or of illegal activity, amounting to trade libel.

8. As a direct and proximate result of Eberlin's trade libel, ISD has suffered, and continues to suffer, damage to its reputation and business standing among employees and customers, resulting in monetary damages in an amount to be determined.

**WHEREFORE**, Counter-Plaintiff, Illinois Street Development, LLC, respectfully asks that this Court enter judgment in its favor on Count I of its counterclaim; award it sufficient funds to compensate it for its losses; award it punitive damages; award it reasonable attorneys' fees, and the cost of this action, pre-judgment and post-judgment interest; and, award it such other and further relief as this Court deems just and proper.

**<u>JURY TRIAL DEMANDED</u>**

Dated: December 18, 2023     **RESPECTFULLY SUBMITTED**,

By: /s/ Ethan E. White

**EMERY LAW, LTD.**
Ethan E. White
2021 Midwest Road, Suite 200
Oak Brook, Illinois 60523
(630) 984-0339 (direct)
ewhite@emerylawltd.com

## **CERTIFICATE OF SERVICE**

      I, the undersigned attorney, certify that I caused to be served the foregoing document by electronically filing the same with the Clerk for the U.S. District Court for the Northern District of Illinois, Eastern Division, a copy of which was then forwarded to each attorney of record by CM/ECF on December 18, 2023.


Dated: December 18, 2023                                        By: /s/ Ethan E. White

Ethan E. White
**EMERY LAW, LTD.**
Ethan E. White
2021 Midwest Road, Suite 200
Oak Brook, Illinois 60523
(630) 984-0339 (direct)
ewhite@emerylawltd.com