# EXHIBIT "A"

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ELIZABETH EBERLIN,

      Plaintiff,

      v.

ILLINOIS STREET DEVELOPMENT, LLC
D/B/A MOLLY'S CUPCAKES,

      Defendant.

_____

ILLINOIS STREET DEVELOPMENT, LLC,

      Counter-Plaintiff,

      v.

ELIZABETH EBERLIN,

      Counter-Defendant.

Case No. 23-cv-15216

Honorable Judge LaShonda A.
Hunt

**<u>JURY TRIAL DEMANDED</u>**

**<u>PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

Plaintiff, Elizabeth Eberlin ("Plaintiff"), by and through the undersigned counsel, hereby

files this Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2) against Illinois Street

Development, LLC d/b/a Molly's Cupcakes ("Defendant"), and in support states as follows:

**<u>NATURE OF PLAINTIFF'S CLAIMS</u>**

1.      This lawsuit arises under the Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§2000e-5 *et seq*, ("Title VII") and Illinois Human Rights Act (775 ILCS5/) ("IHRA") seeking

redress for Defendant subjecting Plaintiff to sexual harassment, Defendant's discrimination on

the basis of Plaintiff's sex, and Defendant's retaliation against Plaintiff for engaging in protected

activity under the Title VII.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.   This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3.      Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4.      Counts II, IV, and VI have pendent jurisdiction and supplementary jurisdiction through 28 U.S.C. Section 1367.

## ADMINISTRATIVE PREREQUISITES

5.      All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

6.      A charge of employment discrimination on basis of sex, sexual harassment, and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR").  (Attached hereto as Exhibit "A").

7.      Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

8.      At all times material to the allegations of this Complaint, Plaintiff, Emma Tinerella, resides in Cook County in the State of Illinois.

9.      At all times material to the allegations in this Complaint, Defendant Illinois Street Development, LLC d/b/a Molly's Cupcakes, is a corporation doing business in and for Cook County whose address is 419 E Illinois Street, Chicago, IL 60611.

10.     Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11.     During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

**<u>BACKGROUND FACTS</u>**

12.     Plaintiff was employed by Defendant as a Supervisor from on or about February 14, 2022 until on or about February 11, 2023.

13.     Plaintiff performed a specific job which was an integral part of the business of Defendants.

14.     Defendant subjected Plaintiff to different terms and conditions of employment than others not within her protected class.

15.     Plaintiff has also been subjected to a hostile work environment on the basis of sex, violating Title VII.

16.     Plaintiff is female and is a member of a protected class because of her sex whom Defendant subjected to different terms and conditions of employment than others not within her protected class.

17.     During her employment for Defendant, Plaintiff met or exceed Defendant's performance expectations in all areas.

18.     In or around March of 2022, Defendant's employee, Josh (LNU) (male), began

sexually harassing Plaintiff.

19.　Josh would hover over Plaintiff while she attempted to work.

20.　Josh would also touch Plaintiff inappropriately, and hug her without her consent.

21.　Despite repeatedly requesting that he stop, Josh continued to harass Plaintiff.

22.　In fact, the harassment grew worse, and Josh began forcing Plaintiff to look at naked pictures of himself while they were working together.

23.　Plaintiff also had to witness Josh sexually harassing several other co-workers, many of them underage females.

24.　Multiple employees, including Plaintiff, came forward and reported Josh's behavior to Defendant.

25.　Plaintiff's boss, Bindu Illuri, admitted that she was aware of Josh's inappropriate behavior, but never took any action to stop this behavior or reprimand Josh.

26.　Plaintiff and the other employees who reported Josh were forced to continue working alongside him.

27.　Under these conditions, the sexual harassment by Josh was allowed to continue.

28.　Later, it was discovered that Josh had sex with a coworker in the refrigerator at work.

29.　The female employee was fired, but no action was taken against Josh.

30.　Subsequently, in or around August of 2022, Josh terminated his employment with Defendant.

31.　However, this did not end the sexual harassment or discrimination.

32.     Beginning in or around August of 2022 and continuing through at least October of 2022, Supervisor Octavia (LNU) began to sexually harass Plaintiff.

33.     Octavia, on numerous occasions touched Plaintiff's buttocks.

34.     Octavia even grasped Plaintiff's buttocks.

35.     Plaintiff asked Octavia to stop, explaining how uncomfortable it made her, but the harassment continued.

36.     Plaintiff, knowing that her earlier complaints regarding sexual harassment by Josh went ignored, was left with no option but to report the sexual harassment by Octavia via Google Survey at work.

37.     Again, Plaintiff's reports and complaints were ignored.

38.     On or around February 10, 2023, Supervisor Octavia, who had continuously been sexually harassing Plaintiff and other employees, also began to harass Plaintiff on the basis of her sexual orientation.

39.     Plaintiff and other employees once again reported the harassment directly to the boss, Ms. Illuri.

40.     Ms. Illuri continued to ignore her employees' repeated complaints.

41.     The very next day, on February 11, 2023, Plaintiff was terminated via text message.

42.     Plaintiff was given the pre-textual reason that she was fired due to a "propensity for gossip" and "creating a toxic work environment".

43.     In reality, Plaintiff was fired for filing complaints of sexual harassment and discrimination, and opposing unlawful discrimination.

44.     Defendant has subjected Plaintiff to post-termination retaliation for filing her internal and formal complaints Title VII and IHRA violations.

45.      On January 12, 2024, Defendant filed a counter claim before this court alleging trade libel.

46.     Defendant's counterclaim has a chilling effect to Plaintiff's rights to pursue her claim under Title VII and IHRA because it has been brought only as a result of Plaintiff's lawsuit being filed.

47.     In the Defendant's counter claim it must be noted that the following statements that Defendant pleads are actually protected activity under Title VII, IHRA, and the FLSA:

- Eberlin told other (predominately Latino) ISD employees that Illuri "hated Mexican people and fat people" and that Illuri was "talking inappropriately to" and harassing younger employees.
- Eberlin also made similar false and malicious accusations about Illuri, and thus ISD, of harboring racist, ageist, and ableist attitudes towards customers, and that she engaged in racist, ageist, and ableist behaviors towards or in the presence of customers.
- Eberlin falsely and maliciously accused Illuri, and thus ISD, in front of ISD employees, of stealing from employees paychecks.
- More specifically, in or about early 2023, Eberlin told other ISD's employees that Illuri was "messing" with paychecks and paying employees less than they were owed.

48.     Plaintiff has a right to oppose discrimination under Title VII and Plaintiff's above statements are declared as protected activity and Plaintiff is entitled to be free from retaliation for doing so.

49.     Plaintiff made those statements because she believes that Illuri makes discriminatory actions similar to the same discrimination actions that Plaintiff was subjected to.

50.     Plaintiff also has a right to report wage and hour violations and be free from retaliation under the FLSA and Illinois

51.     Plaintiff also has a right to discuss terms and conditions of employment with her coworkers without the fear of retaliation under the National Labor Relations Act.

52.     Thus, Defendant's counterclaim shows that Plaintiff engaged in protected activity and is attempting to interfere with Plaintiff's right to be from retaliation even after post-termination.

53.     Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- by lodging direct complaints to Defendant.

54.     There is a basis for employer liability for the sexual harassment that Plaintiff was subjected to, as the individuals that repeatedly sexually harassed Plaintiff were employees of Defendant and had supervisory authority over Plaintiff.

## <u>COUNT I</u>
## Violation of Title VII of the Civil Rights Act
## (Sexual Harassment)

55.     Plaintiff repeats and re-alleges paragraphs 1-54 as if fully stated herein.

56.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

57.     Defendant knew or should have known of the harassment.

58.     The sexual harassment was severe or pervasive.

59.     The sexual harassment was offensive subjectively and objectively.

60.     The sexual harassment was unwelcomed.

61.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's sex, female.

62.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

63.     As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of Illinois Human Rights Act (775 ILCS5/)
### (Sexual Harassment)

64.     Plaintiff repeats and re-alleges paragraphs 1-54 as if fully stated herein.

65.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of Illinois Human Rights Act (775 ILCS5/).

66.     Defendant knew or should have known of the harassment.

67.     The sexual harassment was severe or pervasive.

68.     The sexual harassment was offensive subjectively and objectively.

69.     The sexual harassment was unwelcomed.

70.     Plaintiff is a member of a protected class under Illinois Human Rights Act (775 ILCS5/), due to her sex, female.

71.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

72.     As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

8

**COUNT III**
**Violation of the Title VII of the Civil Rights Act of 1964**
**(Sex-Based Discrimination)**

73.     Plaintiff repeats and re-alleges paragraphs 1-54 as if fully stated herein.

74.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

75.     Plaintiff met or exceeded performance expectations throughout the duration of her employment with Defendant.

76.     Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

77.     Plaintiff's was terminated on the basis of Plaintiff's sex.

78.     Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex.

79.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

80.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT IV**
**Violation of the Illinois Human Rights Act, 775 ILCS5/**
**(Sex-Based Discrimination)**

81.     Plaintiff repeats and re-alleges paragraphs 1-54 as if fully stated herein.

82.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex, in violation of the Illinois Human Rights Act, 775 ILCS5/.

83.     Plaintiff met or exceeded performance expectations throughout the duration of her employment with Defendant.

84.     Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

85.     Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

86.     Plaintiff is a member of a protected class under the IHRA, due to Plaintiff's sex, female.

87.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

88.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT V**
**Violation of Title VII of the Civil Rights Act**
**(Retaliation)**

89.     Plaintiff repeats and re-alleges paragraphs 1-54 as if fully stated herein.

90.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

91.     During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about sexual harassment and sex-based discrimination that she was continuously subjected to.

92.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

93.     In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sexual harassment and sex-based discrimination.

94.     Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

95.     Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity, specifically termination of her employment with Defendant and Defendant's counter claim.

96.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the sexual harassment and sex-based discrimination, thereby violating the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

97.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

98.     As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

### COUNT VI
### Violation of the Illinois Human Rights Act, 775 ILCS5/
### (Retaliation)

99.     Plaintiff repeats and re-alleges paragraphs 1-54 as if fully stated herein.

100.    Plaintiff is a member of a protected class under the Illinois Human Rights Act, 775 ILCS5/.

101.    During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about sexual harassment and sex-based discrimination that she was continuously subjected to.

102. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Illinois Human Rights Act, 775 ILCS5/.

103. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sexual harassment and sex-based discrimination.

104. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

105. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity, specifically termination of her employment with Defendant and Defendant's counter claim.

106. By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the sexual harassment and sex-based discrimination, thereby violating the Illinois Human Rights Act, 775 ILCS5/.

107. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

108. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

<u>**RELIEF REQUESTED**</u>

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

      a.      Back pay and benefits;

      b.      Interest on back pay and benefits;

      c.      Front pay and benefits;

d.      Compensatory damages for emotional pain and suffering;

e.      Pre-judgment and post-judgment interest;

f.      Injunctive relief;

g.      Liquidated damages;

h.      Punitive damages;

i.      Reasonable attorney's fees and costs; and

j.      For any other relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 2nd day of February, 2024.

/s/ *Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*

# EXHIBIT A

EEOC CDO Received 6/6/2023

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | **440-2023-07155** |

Illinois Department of Human Rights _and EEOC_

_State or local Agency, if any_

| Name _(indicate Mr., Ms., Mrs., Mx.)_ | Home Phone _(Incl. Area Code)_ | Date of Birth |
|---|---|---|
| Mr. Josue Gonzalez | | |

| Street Address | City, State and ZIP Code | Email Address |
|---|---|---|
| c/o Mohammed Badwan, Sulaiman Law Group, 2500 S. Highland Ave., #200, Lombard, IL 60148 | | (mbadwan@sulaimanlaw.com) |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. _(If more than two, list under PARTICULARS below.)_

| Name | No. Employees, Members | Phone No. _(Include Area Code)_ |
|---|---|---|
| Honeybear Restaurant LLC | 15+ | (773) 754-7450 |

| Street Address | City, State and ZIP Code | Email Address |
|---|---|---|
| 7036 N Clark St | Chicago, IL 60626 | |

| Name | No. Employees, Members | Phone No. _(Include Area Code)_ |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | Email Address |
|---|---|---|
| | | |

DISCRIMINATION BASED ON _(Check appropriate box(es).)_

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER _(Specify below.)_

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 01/2023  Latest: 05/2023
☐ CONTINUING ACTION

THE PARTICULARS ARE _(If additional paper is needed, attach extra sheet(s)):_

I, Josue Gonzalez (male), was hired at Honeybear Restaurant as a Server in October of 2022 until I was unlawfully terminated on or around May of 2023, on the basis of my sex (male) and for opposing sexual harassment.

The following is a non-exhaustive list of incidents of the discrimination, harassment and retaliation I was subjected to:

Shortly after I was hired, I became aware of a disturbing situation involving the Manager, Alejandro (LNU), who had been engaging in sexual assault by grabbing the cooks' buttocks. Moreover, he consistently made highly inappropriate sexual jokes, such as the following example: "I'm not pregnant because all I do is swallow semen."

Around January 2023, I experienced discomfort when Manager Alejandro looked at me in a way that made me uneasy. He then proceeded to make an inappropriate comment, saying, "It's a little slow today, you should go outside with that tight shirt and try to make some money." This remark deeply unsettled me, but I felt apprehensive about reporting it, along with his daily comments about his sexual preferences, to the Owner out of fear of possible retaliation. Alejandro would frequently make my job harder by instructing the bussers to not assist with my tables.

On May 24 2023, I approached a coworker to ask a question and was met with immediate hostility from Manager Alejandro. He began shouting and calling me "fucking rude!" Feeling mistreated, I promptly contacted the Owner to report this incident, resulting in her request for me to attend a meeting the next day.

On May 25, 2023, I participated in a meeting with the Owner and Manager Alejandro. During the discussion, I brought to light the incidents of Manager Alejandro's inappropriate physical contact with multiple cooks and his ongoing pattern of sexually explicit comments. After sharing my concerns regarding the sexual harassment, the Owner's husband joined the meeting and proceeded to label me as a "threat to the business," ordering me to "get the fuck off his property."

I was ultimately terminated in retaliation for filing my complaint of sexual harassment and reporting the sexual harassment that my coworkers were experiencing. Thus, I have discriminated against on the basis of my sex (male) and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended and (775ILCS 5/) Illinois Human Rights Act.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – _When necessary for State and Local Agency Requirements_ |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 06 / 06 / 2023 _Date_  _Josue Gonzalez — Charging Party Signature_ | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE _(month, day, year)_ |

Doc ID: 76745f24ce0748b876e4be2f117ad6f4869e29bb

EXHIBIT B

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Chicago District Office**
230 S Dearborn Street
Chicago, IL 60604
(800) 669-4000
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

**To:** Josue Gonzalez
c/o Mohammed C Badwan, Esq.
Sulaiman Law Group Ltd
2500 South Highland Ave #200
Lombard, IL 60148

Charge No: 440-2023-07155

EEOC Representative and email:     KARA MITCHELL
Investigator
kara.mitchell@eeoc.gov

---

### DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 440-2023-07155.

On behalf of the Commission,

Digitally Signed By: Diane I. Smason
09/29/2023

Diane I. Smason
Acting District Director

**Cc:** Honey Bear Restaurant LLC

Please retain this notice for your records.

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request

identifying your request as a "FOIA Request" for Charge Number 440-2023-07155 to the District Director at Diane I. Smason, 230 S Dearborn Street Chicago, IL 60604.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 440-2023-07155 to the District Director at Diane I. Smason, 230 S Dearborn Street Chicago, IL 60604.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.